UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:20-cr- |
| | ) | |
| PRESTON ELLIOTT | ) | |
| | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by its attorney, Scott W. Murray, United States Attorney for the District of New Hampshire, and the defendant, Preston Elliott, and his attorney, Jeffrey D. Odland, Esquire, enter into the following Plea Agreement.

1.   The Plea and Offense.

The defendant, Preston Elliott, agrees to waive his right to have this matter presented to a grand jury and plead guilty to Count One of an Information that charges him with unlawful possession with the intent distribute controlled substances, specifically, 40 grams and more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi).

In exchange for the defendant's guilty plea, the United States agrees to the sentencing stipulations identified in section 6 of this agreement.

2.   The Statute and Elements of the Offense.

21 U.S.C. § 841(a)(1) provides, in pertinent part:

(a) Unlawful acts

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally–

**(1)** to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

21  U.S.C. § 841(a)(1) (West 2019).

The defendant understands that the offense contained in Count One of the Information has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

First, that the defendant possessed a controlled substance, either actually or constructively;

Second, that he did so with the specific intent to distribute the controlled substance over which he had actual or constructive possession; and

Third, that he did so knowingly and intentionally.

Fourth, that the controlled substance involved 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (commonly known as fentanyl), a Schedule II controlled substance.

*Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, 2017 Revisions,* Instruction 4.21.841(a)(1)A.

3.   Offense Conduct.

The defendant stipulates and agrees that if this case proceeded to trial, the government would introduce evidence of the following facts, which would prove the elements of the offenses beyond a reasonable doubt:

On December 6, 2019, a New Hampshire State Police ("NHSP") trooper conducted a motor vehicle stop of a vehicle travelling northbound on I-95 in North Hampton, New Hampshire. In addition to the male driver, the vehicle contained a sole male backseat passenger, subsequently identified as the defendant, Preston Elliott.

Based on the trooper's training, experience, and his interaction with the driver and the defendant, the trooper developed a reasonable suspicion that the vehicle likely contained contraband. The driver, who owned the vehicle, consented to a search of the vehicle that resulted

3

in the seizure of what the New Hampshire State Police laboratory determined to be 503.5 grams

of fentanyl from a bag located behind the driver's seat where the defendant's feet were before the

NHSP removed the defendant from the vehicle. The defendant was also in possession of $1,065

in cash.

The driver informed law enforcement that he was a Lyft driver who the defendant hired

to pick him up in Lawrence, Massachusetts, and drive the defendant to Dover, New Hampshire.

In a post-*Miranda* statement, the defendant stated that earlier in the day he obtained the fentanyl

from his drug source's courier in Lawrence, Massachusetts, and, as he had done on prior

occasions, used the Lyft service to drive him back to New Hampshire where he intended to

consume a portion of the drugs for personal use and distribute the majority of the drugs to a

small New Hampshire customer base.

    4.   Penalties.

The defendant understands that the penalty for the offense includes:

    A.   With Respect to Count One:

        1.   A mandatory minimum term of imprisonment of five years and a maximum term of imprisonment of 40 years (21 U.S.C. § 841(b)(1)(B)(vi));

        2.   A $5,000,000 fine (U.S.C. §841(a)(1)(B)); and

        3.   A term of supervised release of at least four years and as much as life. (21 U.S.C. § 841(b)(1)(B)). The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release (18 U.S.C. § 3583).

The defendant also understands that he will be required to pay a special assessment of

$100 for each count of conviction ($100), at or before the time of sentencing; and that the Court

may order him to pay restitution to the victim of the offense, pursuant to 18 U.S.C. § 3663 or

4

§ 3663A.

    5.   <u>Sentencing and Application of the Sentencing Guidelines.</u>

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines.   The defendant further understands that the defendant has no right to withdraw the defendant's guilty plea if the applicable advisory guideline range or the defendant's sentence is other than the defendant anticipated, except as expressly provided in this Plea Agreement.

The defendant also understands that the United States and the United States Probation Office shall:

    A.    advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

    B.    respond to questions from the Court;

    C.    correct any inaccuracies in the pre-sentence report;

    D.    respond to any statements made by the defendant or the defendant's counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant is aware that any estimate of the probable sentence or the probable sentencing range relating to the defendant pursuant to the advisory Sentencing Guidelines that the defendant may have received from any source is only a prediction and not a promise, and is not binding on the United States, the Probation Office, or the Court, except as expressly provided in this Plea Agreement.

In addition to the other penalties provided by law, the Court may also order that the defendant make restitution under 18 U.S.C. § 3663.

5

6.   Stipulations and Other Agreements.

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree to the following:

The parties agree that a sentence of 60 months' imprisonment is the appropriate disposition of this case.

The parties intend the above stipulation to be "binding" under Fed. R. Crim. P. 11(c)(1)(C). By using the word binding the parties mean that if the Court will not accept the plea agreement under Fed. R. Crim. P. 11(c)(3)(A), the plea agreement is null and void and the defendant will be allowed the opportunity to withdraw his guilty plea.

7.   Acceptance of Responsibility.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense.   The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

A.   fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time;

B.   challenges the United States' offer of proof at any time after the plea is entered;

C.   denies involvement in the offense;

D.   gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

E.   fails to give complete and accurate information about the defendant's financial status to the Probation Office;

F.   obstructs or attempts to obstruct justice, prior to sentencing;

6

G.     has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

H.     fails to appear in court as required;

I.     after signing this Plea Agreement, engages in additional criminal conduct; or

J.     attempts to withdraw the plea of guilty.

If the defendant's offense level is sixteen or greater, and the defendant has assisted the United States in the investigation or prosecution of the defendant's own misconduct by timely notifying the United States of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently, the United States will move, at or before sentencing, to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

The defendant understands and agrees that the defendant may not withdraw the defendant's guilty plea if, for any of the reasons listed above, the United States does not recommend that the defendant receive a reduction in the defendant's sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is under no obligation to reduce the offense level if it finds that the defendant has not accepted responsibility.

8.     <u>Waiver of Trial Rights and Consequences of Plea</u>.

The defendant understands that the defendant has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant.   The defendant understands that the defendant has the right:

7

A.     to plead not guilty or to maintain that plea if it has already been made;

B.     to be tried by a jury and, at that trial, the right to the assistance of counsel;

C.     to confront and cross-examine witnesses against the defendant;

D.     not to be compelled to provide testimony that may incriminate the defendant; and

E.     to compulsory process for the attendance of witnesses to testify in the defendant's defense.

The defendant understands that by pleading guilty the defendant waives and gives up those rights and that if a plea of guilty is accepted by the Court, there will not be a trial of any kind.

The defendant understands that if the defendant pleads guilty, the Court may ask the defendant questions about the offense, and if the defendant answers those questions falsely under oath, on the record, and in the presence of counsel, the defendant's answers may later be used against the defendant in a prosecution for perjury or making false statements.

9.   Acknowledgment of Guilt; Voluntariness of Plea.

The defendant acknowledges that the defendant:

A.     is entering into this Plea Agreement and is pleading guilty freely and voluntarily because the defendant is guilty;

B.     is entering into this Plea Agreement without reliance upon any discussions with the United States and without promise of benefit of any kind except as described in this Plea Agreement or revealed to the Court;

C.     is entering into this Plea Agreement without threats, force, intimidation, or coercion of any kind;

D.     understands the nature of the offense to which the defendant is pleading guilty, including the penalties provided by law; and

E.     is completely satisfied with the representation and advice received from the defendant's undersigned attorney.

8

10.   Scope of Agreement.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-federal, state or local authority.   The defendant also acknowledges that no representations have been made to him about any civil or administrative consequences that may result from the defendant's plea of guilty.   The defendant understands such matters are solely within the discretion of the specific non-party government agency involved.   The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

11.   Collateral Consequences.

The defendant understands that the defendant will be adjudicated guilty of the offense to which the defendant will plead guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible. The defendant also understands that if he is a naturalized citizen, his guilty plea may result in ending his naturalization, which would likely subject him to immigration proceedings and possible removal from the United States. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration

9

consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty

plea and to his sentence based on any immigration consequences, and agrees not to seek to

withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his

guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

     12.   Satisfaction of Federal Criminal Liability; Breach.

     The defendant's guilty plea, if accepted by the Court, will satisfy any federal criminal

liability of the defendant in the District of New Hampshire as a result of the defendant's

participation in the conduct which forms the basis of the Information in this case. The defendant

understands that if, before sentencing, the defendant violates any term or condition of this Plea

Agreement, engages in any criminal activity, or fails to appear for sentencing, the United States

may consider such conduct to be a breach of the Plea Agreement and may withdraw from it.

     13.   Waivers.

     A.   Appeal

     The defendant is aware that the defendant has the right to challenge the defendant's

sentence and guilty plea on direct appeal. By entering into this Plea Agreement, the defendant

knowingly and voluntarily waives his right to challenge on direct appeal:

     1.     His guilty plea and any other aspect of his conviction, including, but not
          limited to, adverse rulings on pretrial suppression motion(s) or any other
          adverse disposition of pretrial motions or issues, or claims challenging the
          constitutionality of the statutes of conviction; and

     2.     The sentence imposed by the Court if that sentence is consistent with or lower
          than the stipulated sentence specified in Section 6 of this agreement.

     The defendant's waiver of rights does not operate to waive appeal based upon new legal

principles enunciated in Supreme Court or First Circuit case law after the date of this Plea

Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel.

10

B.      Collateral Review

The defendant understands that he may have the right to challenge his guilty plea and/or

sentence on collateral review, e.g., a motion under 28 U.S.C. § 2255 or § 2241.   By entering

into this Plea Agreement, the defendant knowingly and voluntarily waives his right to

collaterally challenge:

1.      His guilty plea, except as provided below, and any other aspect of his
        conviction, including, but not limited to, adverse rulings on pretrial
        suppression motion(s) or any other adverse disposition of pretrial motions
        or issues, or claims challenging the constitutionality of the statutes of
        conviction; and

2.      The sentence imposed by the Court if it is consistent with or lower than the
        stipulated sentence specified in Section 6 of this agreement.

The defendant's waiver of the right to collateral review does not extend to claims that the

plea was unknowing or involuntary or to claims that the defendant received ineffective assistance

of counsel. The defendant's waiver of his right to collateral review also does not operate to

waive a collateral challenge based on new legal principles enunciated by the Supreme Court or

First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

C.      Freedom of Information and Privacy Acts.

The defendant hereby waives all rights, whether asserted directly or by a representative,

to request or receive from any department or agency of the United States any records pertaining

to the investigation or prosecution of this case, including without limitation any records that may

be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5

U.S.C. §522a.

D.      Appeal by the Government

This Plea Agreement does not affect the rights or obligations of the United States as set

forth in 18 U.S.C. § 3742(b), and the United States therefore retains its appeal rights.

11

14.   <u>No Other Promises</u>.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

15.   <u>Final Binding Agreement</u>.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and his attorney and until signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

16.   <u>Agreement Provisions Not Severable</u>.

The United States and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

Dated: 10/23/2020                    SCOTT W. MURRAY
                                     United States Attorney

                            By:   /s/ Jennifer Cole Davis
                                  Jennifer Cole Davis
                                  Assistant U.S. Attorney
                                  NH Bar Association # 10222
                                  53 Pleasant St., 4th Floor
                                  Concord, NH 03301
                                  jennifer.c.davis@usdoj.gov
                                  (603) 225-1552

12

The defendant certifies that he has read and/or had translated to him this 12-page Plea Agreement and that he fully understands and accepts the terms thereof.

P Elitt                                         10/9/2020

Preston Elliott                    Date:
Defendant


I have read the above and explained it to my client, who advises me that he understands and accepts its terms.

Jeffrey D. Odland, Esquire          10.21.20
Counsel for Preston Elliott          Date: